UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CORTEZ DAUNDRE JONES,<br><br>    Plaintiff,<br><br> v.<br><br>ALEXANDER WANG, *et al.*,<br><br>    Defendants. | Case No. C23-1299-JHC<br><br>REPORT AND RECOMMENDATION |

  Plaintiff Cortez Daundre Jones, proceeding *pro se*, has filed an application to proceed *in forma pauperis* ("IFP") in the above-entitled action. (Dkt. # 1.) Plaintiff's IFP application indicates he is not employed, has not received any money from any source in the past twelve months, has no cash on hand, no money in a checking or savings account, and has no monthly expenses. (*Id.* at 1-2.) Plaintiff does not provide any other additional information on why he cannot afford the filing fee. (*See id.* at 2.)

  28 U.S.C. § 1915 provides the rights and obligations associated with IFP status, which exempts applicants from prepaying filing fees and costs in federal court. *See Floyd v. Lee*, 85 F. Supp. 3d 482, 492-93 (D.D.C. 2015) (citing *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 196 (1993)). The IFP statute requires applicants to "submi[t] an affidavit that includes a statement of

REPORT AND RECOMMENDATION - 1

1  all assets . . . [and that states] that the person is unable to pay . . . fees or give security therefor."

2  *Id.* at 493 (citing 28 U.S.C. § 1915(a)(1)). But if the Court determines "at any time" that "the

3  allegation of poverty is untrue," it "shall dismiss the case . . . ." *Id.* (citing § 1915(e)(2)(A)).

4      Here, the information provided in Plaintiff's IFP application is inconsistent with that

5  contained in numerous other IFP applications Plaintiff recently filed in this Court. *See e.g.*, *Jones*

6  *v. General Services Administration*, C23-1148-JCC, dkt. # 1 (reflecting salary of $35,000,

7  $324,000 from a business or other source and $32,000 in benefits received over the past twelve

8  months, $324,000 in stocks, and $4,000 in regular monthly expenses); *Jones v. Harrell*,

9  C23-1153-RSM, dkt. # 1 at 2 (collecting cases and finding Plaintiff submitted false IFP

10 applications because Plaintiff provides "no explanation for how he suddenly lost over $300,000

11 in assets or his annual salary of $35,000.00" between his submission of IFP applications).[1]

12 Furthermore, in indicating he has both no financial resources and no expenses, Plaintiff omits

13 information necessary to the Court's IFP determination. Plaintiff does not provide any

14 information on how he pays for food, shelter, and any other basic life necessities. Given these

15 circumstances, Plaintiff should not be authorized to proceed IFP.

16     After careful consideration of Plaintiff's IFP application, the governing law, and the

17 balance of the record, the Court recommends Plaintiff's IFP application (dkt. # 1) be DENIED

18 and that Plaintiff be directed to pay the applicable filing fee within **thirty (30) days** after entry of

19 the Court's Order adopting this Report and Recommendation. If Plaintiff fails to pay the fee, the

20 Clerk should close the file. A proposed Order accompanies this Report and Recommendation.

21     This Report and Recommendation is not an appealable order. Thus, a notice of appeal

22 seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the

---

[1] The Court additionally notes that Plaintiff has filed at least 57 cases in this Court between August 2, 2023, and August 30, 2023.

REPORT AND RECOMMENDATION - 2

1  Honorable John H. Chun acts on this Report and Recommendation. The Clerk is directed to send

2  copies of this Report and Recommendation to Plaintiff and to Judge Chun.

3  Dated this 30th day of August, 2023.

MICHELLE L. PETERSON
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3